IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER EUGENE OLSEN, JR., )
)
                Petitioner, )
)
v. ) Case No. 23-3083-JWL
)
D. HUDSON, Warden, USP-Leavenworth, )
)
                Respondent. )
)
_____)

## MEMORANDUM AND ORDER

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he has not received certain credits under the First Step Act (FSA) toward his release date of May 30, 2023, and that he is therefore entitled to immediate release. The Court ordered an expedited response, and respondent filed a timely response on April 11, 2023, but petitioner did not file a traverse or reply brief by the deadline of April 25, 2023, and the matter is therefore ripe for ruling. For the reasons set forth below, the Court **denies** the petition.

The Court first addresses petitioner's failure to exhaust his administrative remedies. The exhaustion of administrative remedies is a prerequisite for relief under Section 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Regulations for the Bureau of Prisons (BOP) set forth the administrative steps a prisoner must follow: an attempt at informal resolution of a complaint; a formal request to the institution for an administrative remedy; a regional appeal; and a national appeal. *See id.* (citing 28 C.F.R. §§ 542.13-.15).

Petitioner concedes in his petition that he has not exhausted his administrative remedies with respect to this claim. Petitioner argues, however, that exhaustion would be futile because he is entitled to immediate release. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* This Court has held, however, that the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if petitioner received the credits he claimed. *See Randolph v. Hudson*, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.). Accordingly, the petition is subject to dismissal for a failure to exhaust.

Nevertheless, because petitioner has failed to show an entitlement to relief, the Court denies the petition on the merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (in Section 2241 proceeding, following policy of 28 U.S.C. § 2254(b)(2), which allows for the denial on the merits of an unexhausted habeas claim). Petitioner claims that his FSA credits have not been applied against his release date. Respondent does not dispute that petitioner has earned 90 days of credit. Respondent notes, however, that under the FSA petitioner is not entitled to have those credits applied at this time because he has been assessed with a high risk of recidivism in his last two assessments. *See* 18 U.S.C. § 3624(g)(1)(D)(i) (to be eligible for application of FSA credits to prerelease custody, prisoner must have been determined to be a minimum or low risk to recidivate according

to the prisoner's last two assessments).[1]  Petitioner did not address this requirement in his petition, and, as noted above, he did not file a reply brief in order to rebut respondent's evidence or argument.  The Court thus concludes that petitioner has not shown that he is entitled to the relief requested, and the Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of May, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1]  The statute also provides for the prisoner's warden to approve a petition for transfer to prerelease custody upon a determination concerning the recidivism risk, *see* 18 U.S.C. § 3624(g)(1)(D)(i), but petitioner has not argued that he made any such request to the warden.